RONNIE M. WAGNER, ESQ. State Bar #221461
SFPD Legal Division Attorney
San Francisco Police Department
850 Bryant Street, Room 575
San Francisco, California  94103
Telephone:	(415) 553-1147
Facsimile:	(415) 553-1999
E-Mail:	Ronnie.wagner@sfgov.org

Attorney for
SAN FRANCISCO POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. ARSHAD RAZZAK, RICHARD YICK and, RAUL ERIC ELIAS, Defendants. | Case No. CR-14-103<br><br>**DECLARATION OF SFPD ATTORNEY RONNIE M. WAGNER CONCERNING DISCOVERY DEMAND PURSUANT TO RULE 17(C) SUBPOENA.** |
|---|---|

I, Ronnie M. Wagner, am presently employed as Legal Counsel for the San Francisco Police Department (hereinafter, "SFPD.")  I make this declaration in that capacity upon information and belief, based upon communication with SFPD personnel.

On August 14, 2014, defendant served a Rule 17(c) subpoena upon SFPD Legal Division, seeking, "Southern Station Plainclothes Unit Monthly Statistics for the month of February, 2011."

For an unknown reason, the SDT was misrouted, such that I did not receive it until on or about August 29, 2014.  On that date, Senior Legal Process Clerk James Obert initiated a search for responsive records.  Additionally, the Lieutenant of Legal Division, the Sergeant of Legal Division and an Officer from Legal Division each performed a diligent and thorough search for responsive records.  These searches included email, telephonic and in-person contact with commanding Officers from Southern Police Station, Internal Affairs Division (IAD) and IAD Criminal Investigations.

1

However, each of these respective searches met with negative results.

I, SFPD Legal Division Attorney, conducted a diligent search for the said records, during the period of August 29, 2014 and September 18, 2014, as follows:

I contacted Lieutenant Yick of IAD, who coordinated a meeting between me, Senior Legal Process Clerk James Obert, and IAD Attorney Ashley Worsham.  IAD Attorney Worsham had no responsive records and confirmed that no such record was held at IAD.

I communicated by telephone with Sergeant John Conway at Southern Police Station. Sergeant Conway explained that Southern Police Station personnel had not been able to locate the listed record.  He further advised that a Federal law enforcement agency had seized many records from Southern Police Station without executing discovery receipts nor any inventory log of records seized.   He further explained that he believes the United States Attorney possesses any and all records seized by the Federal law enforcement agency.

I told Sergeant Conway that attorney Matthew Pavone, counsel for defendant, sought records that would document the substantial workload of Southern Police Station Plainclothes Unit during the listed time period, specifically, the listed record (Log from February, 2011.)  Sergeant Conway explained that it might be possible to obtain other records that would reflect the case volume of that unit, specifically, CAD (computer assisted dispatch) records from the Department of Emergency Management (DEM), Medical Screening Cards, Station Arrest Logs and County Jail Booking Cards (the latter which usually contain arresting Officer star numbers.)  Sergeant Conway further cautioned that this might not be exhaustive, but would contain much of the relevant data.

I met and conferred with defense attorney Pavone by telephone.  In response to my question, he indicated that he had not asked the United States Attorney to produce the listed record, nor had he asked the United States Attorney whether the listed record was in their possession.  I explained that I had not been able to locate the listed record, but that responsive data could possibly be sought from other sources, including but not limited to DEM.

However, Attorney Pavone expressed the expectation that SFPD Legal Division would conduct a search at DEM on his behalf.  Attorney Pavone did not indicate that he intended to initiate his own search for data from the sources I provided.

Officer Kellogg of Legal Division drafted and sent a Memorandum to DEM requesting CAD data from the listed time frame.  However, DEM sent back a response stating they retain CAD data for no longer than three (3) years, thus, they had no responsive records.

I communicated, via email, with Captain Greg McEachern concerning seeking the listed record.  He responded that he did not know where such record could be found.  He referred me to Deputy Chief Charlie Orkes, formerly Captain of Southern Police Station.

I communicated, via email, with Deputy Chief Orkes.  He responded that he was assigned there over three (3) years ago, and has no present recollection as to whether a Log was created/maintained for February, 2011.

I communicated, via email, with Lieutenant Michelle Jean, of IAD Criminal Investigations, making the same request.  Lt. Jean had no responsive records.  Lt. Jean referred me to Sergeant Minner, of IAD Criminal Investigations.  Sergeant Minner advised that he was unable to locate a log for February, 2011, or any logs, in the documents housed at IAD Criminal Investigations.  Sergeant Minner explained that Public Defender Adachi held a press conference concerning Southern Station on March 2, 2011.  He further explained that it is likely that each previous month's log would be completed early in the following month.  He said it is therefore reasonable to conclude that, since the breaking news of the subject events occurred early in March, 2011, no log was created for the month of February, 2011.  Sergeant Minner also believed that the Federal authorities would be in possession of the discovery sought in this Subpoena, if it exists.

I met at Southern Police Station with Captain Balma, Captain Roualdes and Sergeant Conway.  They explained that the "Southern Station Plainclothes Unit Monthly Statistics" Logs (Logs) were not computerized during the relevant time period.

3

Rather, they were handwritten entries upon a hand-crafted template, fashioned by Southern Station, as opposed to being a SFPD generated form, e.g., Department Bulletin or Memorandum. These records were not scanned into any computer or database. They further explained that these logs were initiated for compilation of data for Compstat, which originated during the tenure of (former) Chief Gascon, and also during the tenure of (former interim) Chief Godown. Captain Balma added that he was the Lieutenant of SIT (Station Investigative Team) for Southern Police Station at that time. According to Captain Roualdes and Sergeant Conway, SIT began on November 28, 2009. I saw documentation of that fact.

Accordingly, the subject data might be equally accessible online, at www.sfgov.org.

Additionally, while at Southern Police Station, I met with Sherry Knuckles, secretary to the Captain of Southern Police Station. She stated that she had not seen or retained the listed record.

I sent an email inquiry to Sergeant Samuel Christ, formerly assigned to Southern Station (during the relevant time period) asking whether a Log had been prepared for the month of February, 2011, and if so, whether he could tell me its present location. Sergeant Christ responded that he was sure there was "an arrest log," but did not know who would have it, or where it would be. He referred me to Captain DeFilippo, formerly the Lieutenant of IAD Criminal Investigations.

I emailed to and spoke by telephone with Captain DeFilippo concerning the above inquiry. Captain DeFilippo explained, consistent with my earlier search results, that the FBI seized many records from Southern Police Station pursuant to a search warrant, and that no opportunity was given SFPD to catalogue what particular records were seized. Captain DeFilippo referred me to Sergeant Morrow, to find out whether she could provide further information as to whether the listed records existed, and if so, whether the FBI seized it. Sergeant Morrow told me by telephone that she had no information relative to the listed record. I sent a follow up email inquire to Sergeant Christ, to confirm whether this specific record was ever created, and, if so, where it could be found, with negative results.

Legal Division has conducted a diligent and thorough search for the listed record, with negative results. I am further informed and believe that much of the data that would have been captured on such a record, if it was ever created, could be gathered from other sources, equally accessible to defendant.

Lastly, based upon the results of the foregoing exhaustive search for the listed records, I am informed and believe that, if the document sought exists, it is in the hands of the U.S. Attorney.

Therefore, the subpoenaing party should proceed pursuant to the Federal Rules of Criminal Procedure relative to discovery litigation.

I declare under penalty of perjury that the foregoing is true and correct, and as to those matters stated upon information and belief, I believe them to be true.

Executed this 18th day of September, 2014, at San Francisco, California.

_____
Ronnie M. Wagner, Esq.
SFPD Legal Division Attorney