MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

JOHN H. HEMANN (CABN 165823)
RODNEY C. VILLAZOR (NYBN 4003596)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    rodney.villazor@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR-14-00103 RS |
| Plaintiff, | ) |
|  | ) UNITED STATES' TRIAL BRIEF AND PRE-TRIAL CONFERENCE STATEMENT |
| v. | ) |
|  | ) Trial Date: January 12, 2015 |
| ARSHAD RAZZAK, RICHARD YICK AND RAUL ERIC ELIAS, | ) Pre-trial Conference: December 19, 2014 |
| Defendants. | ) |

The United States of America, by and through its counsel of record, Melinda Haag, United States Attorney, and John H. Hemann and Rodney C. Villazor, Assistant United States Attorneys, hereby submits its Pretrial Conference Statement and Trial Memorandum in the above-captioned case.

I. **STATEMENT OF FACTS**

    A. **The Indictment and Subsequent Proceedings**

On February 25, 2014, a grand jury returned an indictment of charging defendants with multiple counts. Count One charges all defendants with conspiracy against civil rights, in violation of 18 U.S.C. § 241. Count Two charges defendants Razzak and Yick with deprivation of rights under color of law on or about December 23, 2010, in violation of 18 U.S.C. § 242. Count Three charges all defendants with

deprivation of rights under color of law on or about January 5, 2011, in violation of 18 U.S.C. § 242. Count Four charges defendants Razzak and Yick with falsification of records on January 19, 2011, Count Five charges defendant Razzak with falsification of records on December 24, 2010, and Count Six charges defendant Yick with falsification of records on January 5, 2011. All falsifications are in violation of 18 U.S.C. § 1519. The trial was initially scheduled for September 8, 2014. On August 28, 2014, the Court granted defendant Yick's motion to continue the trial to January 12, 2015 with jury selection set for January 9, 2015.

### B. The Charged Offenses

The elements of 18 U.S.C. § 241, conspiracy against civil rights, are:

*First*, that the defendant agreed with one or more persons to injure, oppress, threaten or intimidate one or more victims;

*Second*, that the defendant intended by the agreement to hinder, prevent or interfere with a person's enjoyment of a right secured by the Constitution or laws of the United States;

*Third*, that one or more of the intended victims was an inhabitant of California, which means that the person was physically present in the state of California at the time of the deprivation; and

*Fourth*, that the defendant acted under color of State law, which means that the defendant was acting in the official capacity as a police officer at the time of the deprivation.

The elements of 18 U.S.C. § 242, deprivation of rights under color of law, are:

*First,* the defendant was acting under color of law when he committed the acts charged in the indictment;

Second, the defendant deprived a person of her right to be free from unreasonable searches and seizures by those acting under color of law, which is a right secured by the Constitution or laws of the United States; and

*Third,* the defendant acted willfully, that is, the defendant acted with a bad purpose, intending to deprive a person of that right.

The elements of 18 U.S.C. § 1519, falsification of records, are

*First,* the defendant knowingly altered, destroyed or concealed a record, document, or tangible object;

*Second,* the defendant acted with the intent to impede, obstruct, or influence the investigation of and

1 proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, an
2 agency of the United States; and
3 *Three,* that he knew about or contemplated.

**C. Statement of the Case**

Defendants Arshad Razzak, Richard Yick and Raul Eric Elias are police officers for the San Francisco Police Department (SFPD). The Henry Hotel is a single-resident occupancy hotel (SRO) on Mission and 6th Street in San Francisco. As depicted in Henry Hotel surveillance videos, defendants entered hotel rooms without warrants on two separate occasions of two California residents; J.R. on December 23, 2010 and T.G., on January 5, 2011. Defendant Razzak wrote a police report concerning the December 23, 2010 hotel search, and Defendant Yick wrote a police report concerning the January 5, 2011 hotel search. On January 19, 2011, Officers Razzak and Yick signed informant payslips purportedly to W.M., an SFPD confidential informant, for providing them with information regarding the defendants' SRO searches on December 23, 2010 and January 5, 2011.

The government will prove that the defendants, under color of law, deprived J.R and T.G., California residents, of their constitutional right against unreasonable searches and seizures through the use of hotel surveillance video, the testimonies of J.R. and T.G., testimony and evidence concerning the defendants' training concerning searches and seizure, and evidence of the defendants' prior search warrants evincing their understanding of their training. Additional persons in the hotel room, D.W. and C.H., are likewise expected to testify concerning their personal observations during the hotel room searches. Other SFPD officers are likewise expected to testify concerning their personal observations on December 23, 2010 and January 5, 2011. San Francisco assistant district attorneys and public defenders who handled state court proceedings concerning the events depicted in the hotel surveillance video are also expected to testify.

The government will prove also prove that Defendants Razzak and Yick knowingly falsified SFPD police reports and informant payslips through a comparison of the hotel surveillance video and the police reports, the testimonies of J.R. and T.G. as well as the testimony of W.M., the alleged informant. Specifically, J.R. and T.G. are expected to testify that neither gave valid consent to defendants to enter their respective hotel rooms. Moreover, W.M. is expected to testify that he was not

the confidential informant who provided information to Officers Razzak and Yick and that he was in Chicago, Illinois during the relevant time period. A Federal Bureau of Investigation (FBI) special agent will testify regarding the jurisdiction of the FBI, an agency of the United States, to investigate such civil rights crimes and the use of police reports in those investigations.

## II.   JENCKS, BRADY, AND GIGLIO DISCLOSURE (Crim. L.R. 17.1-1(b)(1-3)

The United States has complied with the Jencks Act, 18 U.S.C. § 3500, and believes it has supplied all materials that may be relevant under *Brady v. Maryland*, 373 U.S. 83 (1963). In preparing for trial, the government is continuing to interview witnesses and obtain additional evidence. The government recognizes and will comply with its ongoing obligation to provide the defense with materials subject to *Jencks*, *Brady*, and *Giglio v. United States*, 405 U.S. 150 (1972), that are within its possession, custody or control, as well as its continuing duty to comply with Rule 16.

As of this date, the United States is not aware of any exculpatory material and has disclosed impeachment information concerning the witnesses expected to testify in its case in chief that would be subject to disclosure pursuant to *Brady*; *Giglio*; *United States v. Bagley*, 473 U.S. 667 (1985); and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The government has outstanding requests to law enforcement agencies and will continue to comply with its obligation to make any required disclosure.

## III.   STIPULATIONS (Crim L.R. 17.1-1(b)(4))

The government will propose stipulations to the defense on issues relating to facts that cannot reasonably be in dispute, the number of law enforcement witnesses who may be necessary to call at trial, and other issues suitable for stipulation in this case.

## IV.   NEED FOR INTERPRETERS (Crim. L. R. 17.1-1(b)-(5))

The government will not need interpreters for any witnesses it intends to call at trial.

## V.   DISMISSAL OF COUNTS/ELIMINATION OF ISSUES (Crim L.R. 17.1-1(b)(6)

There are no counts to dismiss or issues to eliminate.

## VI.   JOINDER/SEVERENCE (Crim. L.R. 17.1-1(b)(7))

There are no joinder or severance issues.

## VII.   INFORMANTS/PRIOR CONVICTIONS

The identity of W.M., an SFPD informant, has already been disclosed to defense counsel.

## VIII. WITNESSES

The United States will file a witness list prior to the pretrial conference but reserves the right to call additional witnesses.

## IX. EXHIBITS (Crim. L.R. 17.1-1(b)(10)

The government will file an exhibit list prior to the pretrial conference. It reserves the right to add to and otherwise amend the list. All exhibits will be drawn from materials that the government has provided to the defense in discovery or that have been available to the defense in discovery, with the exception of any demonstratives. The government will ask the defense and the Court for permission to use any demonstratives prior to doing so.

The government will move to exclude any evidence offered by the defendant in his case-in-chief that is not produced prior to trial. *See United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (affirming district court's exclusion of checks that were not produced by defendant to the government prior to trial); *United States v. Nash*, 115 F.3d 1431, 1439-40 (9th Cir. 1997) (affirming exclusion of defense expert who was not properly disclosed pursuant to Fed. R. Crim. P. 16(b)(1)); *United States v. Aceves-Rosales*, 832 F.2d 1155 (9th Cir. 1987) (per curiam) (affirming district court's exclusion of medical report not produced by defendant).

## X. OBJECTIONS TO EXHIBITS OR TESTIMONY (Crim. L.R. 17.1(b)(11))

The parties will file motions *in limine* to address objections to expected exhibits and testimony, to the extent they cannot be resolved by the parties. The government presently intends to file a motion *in limine* to exclude drug evidence that was seized during the search of the hotel rooms subsequent to the defendants entering the hotel rooms.

## XI. LEGAL ISSUES LIKELY TO ARISE AT TRIAL (Crim L.R. 17.1-1(b)(12))

The parties have discussed legal and logistical issues and have amicably resolved them. One current logistical issue concerns the deposition of J.R., taken on December 11, 2014 and pursuant to Fed. R. Crim. Pro. 15 and by Order of the Court. Due to unforeseen power outage in the San Francisco federal building yesterday, defense counsel for Defendants Razzak and Elias were unable to participate via video teleconference from the U.S. Attorney's Office in San Francisco. Counsel for the government as well as defense counsel for Defendant Yick nevertheless took the deposition of J.R. in White Plains,

New York subject to the parties' collective agreement to schedule a second day of video deposition to afford all defense counsel the ability to continue or to cross-examine J.R. on a second day yet to be scheduled. The parties anticipate that the second day will be scheduled prior to the January 12th trial date, likely in late December or early January.

**XII.  SCHEDULING  (Crim. L.R. 17.1-1(b)(13))**

A reasonable estimate for presentation of the government's case-in-chief is approximately three days.

**XIII.  JURY VOIR DIRE  (Crim. L.R. 17.1-1(b)(14))**

The parties are filing separately proposed *voir dire* questions. The government also requests that it have some time to conduct individual *voir dire*.

**XIV.  JURY INSTRUCTIONS  (Crim. L.R. 17.1-1(b)(14))**

The government has filed a set of proposed jury instructions prior to the pretrial conference.

Date: December 12, 2014                           Respectfully submitted,

                                                  MELINDA HAAG
                                                  United States Attorney

                                                  _____/s/_____
                                                  JOHN H. HEMANN
                                                  RODNEY C. VILLAZOR
                                                  Assistant United States Attorney