PETER A. FURST #140000
MARGARET A. PENDERGAST, #111953
FURST & PENDERGAST, LLP
646 24th AVENUE
SAN FRANCISCO, CA 94121
PHONE AND FAX (415) 749-3200

Attorney for Richard Yick

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. CR 14-103 RS |
|---|---|---|
| Plaintiff, | ) | DEFENDANT RICHARD YICK'S PRETRIAL CONFERENCE STATEMENT |
| vs. | ) | |
| ARSHAD RAZZAK, RICHARD YICK, RAUL ERIC ELIAS, | ) | TRIAL DATE: January 12, 2015<br>CONFERENCE: December 19, 2014 |
| Defendants. | ) | |

Richard Yick, a City and County San Francisco Police Officer, submits this Pretrial Conference Statement in the above-captioned criminal actions.

**INTRODUCTION**

At the outset, Officer Yick incorporates by reference and joins in the pretrial statements of his co-defendants, Arshad Razzak and Rault Eric Elias. To the extent that any statements or positions in those pretrial statements conflict with or contradict those of Officer Yick, he begs leave of the court to amend the conflicting or contradicting statements, or to clarify for the court the differences in Officer Yick's positions. To avoid repetition, Officer Yick addresses issues in this statement that apply only to him, and relies upon the excellent recitations by co-counsel as to facts and circumstances common to all three defendants.

1    Officer Yick, together with two fellow officers, is accused in an indictment embracing the
2 following charges: 18 U.S.C. § 241. Conspiracy against rights, 2 counts of 18 U.S.C. § 242.
3 Deprivation of rights under color of law, and 2 counts of 18 U.S.C. § 1519. Destruction,
4 alteration, or falsification of records in Federal investigations and bankruptcy. The indictment
5 also charges Officer Yick, pursuant to 18 U.S.C. §2, as an aider and abetter in those counts
6 where he is charged with other defendants.

7    **STATEMENT OF FACTS**

8    Officer Yick is one of approximately 8 officers assigned to a specific plainclothes unit
9 that regularly performed law enforcement duties in the Tenderloin District of the City and
10 County of San Francisco. Although these 8 officers also performed duties in other areas, the
11 allegations embodied in the indictment in this case arose out of investigations conducted at the
12 Henry Hotel, which hotel is located on 6th Street near Mission Street, in San Francisco.

13    On two separate occasions, acting on tips given by informants to one of the officers, other
14 than Officer Yick, members of Officer Yick's unit conducted investigations in the Henry Hotel.
15 On December 23, 2010, and on January 5, 2011, members of the unit investigated suspected drug
16 activities in two separate rooms in the Henry Hotel. In each of these investigations, Officer Yick
17 was at the rear of the "stack" of officers who approached the rooms to be investigated. A "stack"
18 is the term applied to the single-file line of officers conducting an investigation; the hallways at
19 the Henry Hotel are too narrow for the officers to approach abreast, so they approach the
20 suspects' rooms in a line, called a "stack."

21    On each of these two occasions, Officer Yick covered the surveillance cameras which
22 provided views of the hallways where the officers were conducting their investigations. The
23 purpose of covering the cameras was to prevent the employees of the Henry Hotel from alerting
24 residents of the approach of the officers. It was well known to the officers that many of the
25 employees assisted residents who were conducting illegal drug transactions in the hotel rooms; it
26 was believed by the officers, based upon their many investigations at the Henry Hotel and similar
27
28

1 hotels in the neighborhood, that the employees were sometimes paid by drug dealers to keep
2 watch and alert them to the entry by police.

3 Despite the preventive conduct by Officer Yick, there remained surveillance cameras that
4 recorded certain events involving the officers. The prosecution maintains that these recordings
5 reveal criminal conduct by Officer Yick and his fellow officers. Officer Yick, by his entry of not
6 guilty pleas, denies that these recordings display criminal conduct.

7 The evidence will show that Officer Yick was well aware of the existence of the different
8 surveillance cameras, including the ones that recorded the officers who were conducting
9 investigations at the Henry Hotel. It would have been illogical for him to have knowingly
10 committed criminal acts in full view of cameras he knew were operable and aimed at the
11 locations where the alleged criminal conduct occurred.

12 The prosecution alleges that with regard to the January 5, 2011, incident, Officer Yick
13 wrote a report he knew to be false, and that he later testified at a court proceeding in conformity
14 with the false report. The prosecution claims that the surveillance videos belie his police report
15 and his testimony at the court proceeding. Officer Yick, by his plea of not guilty, denies these
16 allegations.

17 The evidence to be presented by the prosecution purports to demonstrate that Officer
18 Yick conspired to, and did actually, deprive certain individuals of their civil rights; he is alleged
19 to have accomplished this by illegally entering the rooms of specific individuals, and by falsely
20 testifying in conformity with reports improperly drafted by him. The trial of this case will show
21 that these allegations are untrue.

22 Regarding the requirements of Criminal Local Rule 17.1-1, Officer Yick incorporates by
23 reference those statements made by co-counsel on behalf of their clients, and he adopts them as
24 his own.

25 Dated: December 15, 2014

26 _____
PETER A. FURST
Attorney for Richard Yick

27

28 Z:\Clients (Active)\Yick, Richard (POA - Federal)\TL Prep\Pretrial Conference Statements\ptc 2014 DEC 15 Pre-TL Conference Statement (Yick).wpd

PROOF OF SERVICE

I, Margaret A. Pendergast, am a citizen of the United States, and my business address is 646-24 Avenue, San Francisco, CA 94121.

I am over the age of eighteen (18) years and not a party to this action or proceeding. On December 15, 2014, I served the following document(s):

PRETRIAL CONFERENCE STATEMENT

by email only, addressed as follows:

Rodney C. Villazor, Esq
John Henry Hemann, Esq
United States Attorney's Office
450 Golden Gate, 11th Floor
San Francisco, CA 94102
 Hemann, John (USACAN) <John.Hemann@usdoj.gov>
"Villazor, Rodney (USACAN)" <Rodney.Villazor@usdoj.gov>

MATTHEW B. PAVONE, Esq.
Courtyard Square
750 Grant Avenue, Suite 250
Novato, CA  94945-7003
"Matthew R. Pavone (mpavone@pavonelaw.com)

Michael L. Rains
RAINS LUCIA STERN, PC
2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA 94523
"Michael Rains (mrains@rlslawyers.com

I, Margaret A. Pendergast, certify under penalty of perjury pursuant to the laws of the State of California, that the foregoing statements are true and correct, and that this proof of service was executed in the City of San Francisco, California on December 15, 2014.

                                                  /s/_____
                                                MARGARET A. PENDERGAST

Z:\Clients (Active)\Yick, Richard (POA - Federal)\Legal\pos 2014 DEC 15 Pretrial conference statement.wpd