**PETER A. FURST #140000**
**MARGARET A. PENDERGAST, #111953**
**FURST & PENDERGAST, LLP**
**646 24TH AVENUE**
**SAN FRANCISCO, CA 94121**
**PHONE AND FAX (415) 749-3200**

**Attorney for Richard Yick**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ARSHAD RAZZAK, RICHARD YICK,<br>RAUL ERIC ELIAS,<br><br>　　　　　　Defendants. | Case No. CR 14-103 RS<br><br>MOTION FOR ACQUITTAL<br>PURSUANT TO FEDERAL RULES<br>OF CRIMINAL PROCEDURE 29(a) |

## INTRODUCTION

Defendant moves this court to order, pursuant to Federal Rules of Criminal Procedure ("FRCrP"), Rule 29, a judgment of acquittal as to Count 4 of the indictment in the above-captioned criminal action.

On January 14, 2015, the prosecution in the above-captioned criminal matter rested without adducing any evidence to establish that the signature on the allegedly falsified document purporting to be that of Officer Richard Yick is his, or, in the alternative, to prove that the signature is genuine.

## RELEVANT FACTS, APPLICABLE LAW, AND ARGUMENT

The prosecution, in Count 4 of the indictment, filed February 14, 2014, against Richard Yick and Arshad Razzak, alleges that Officer Richard Yick and Officer Arshad Razzak knowingly falsified an informant payslip with the intent to impede, obstruct, and influence the proper administration of a particular matter within the jurisdiction of the Federal Bureau of Investigation.

Richard Yick is charged, under 18 U.S.C. §1519, of falsification of record and aiding and abetting. The indictment alleges that Richard Yick knowingly made a false entry in a payment slip to a confidential informant ("CI"). The document on which this accusation is based is sometimes referred to as a "receipt for payment."

The prosecution introduced at trial the receipt for payment through the testimony of Walid Mady, who testified that the signature purporting to be his is, in fact, not his. The parties in this case stipulated that the receipt for payment is a ". . . true and accurate cop[y] of [an informant receipt form[] maintained by SFPD pursuant to the IMM." The stipulation does not contemplate nor constitute any admissions respecting its contents.

The receipt form contains what appear to be 3 signatures. Mr. Mady testified that he never signed that document, and that the signature purporting to be his is not. Mr. Mady was not asked anything about either of the other two signatures, as he is presumably incompetent to identify either of the other apparent signatures. The evidence presented was that Walid Mady did not sign the document and was not in San Francisco on January 19, 2011, the date which appears on that form.

There was no evidence submitted that Richard Yick signed the document. There was no evidence presented that the signature on the document belonged to Richard Yick. There was no evidence that someone saw him sign the form. Officer Yick made no statements or admissions with regard to that document.

Rule 29(a) states that, "The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or

1   information after the evidence on either side is closed if the evidence is insufficient to sustain a

2   conviction of such offense or offenses." *United States v. Shafer*, 384 F. Supp. 496, 497 (D. Ohio

3   1974).  This is such a case.

4       "Under Fed. R. Crim. P. 29, a judgment of acquittal must be entered upon request for any

5   offense 'for which the evidence was insufficient to sustain a conviction.' The evidence -- both

6   direct and circumstantial, with the reasonable inferences to be drawn therefrom -- is insufficient

7   if, when taken in the light most favorable to the government, no reasonable jury could find the

8   defendant guilty beyond a reasonable doubt." *United States v. Hooks*, 780 F.2d 1526, 1531 (10th

9   Cir. 1986), cert. denied, 475 U.S. 1128 (1986), *United States v. Orr*, 2009 U.S. Dist. LEXIS

10  3677, 2-3 (D. Colo. 2009)

11      "Since the verdict in a criminal case can be sustained only when there is 'relevant

12  evidence from which the jury could properly find or infer, beyond a reasonable doubt,' that the

13  accused are guilty of each necessary element of the crime charged, *Mortensen v. United States*,

14  322 U.S. 369  (1944), the issue in a Rule 29(a) motion is not whether there is any evidence in

15  support of the government's claims. Rather, 'If the evidence is such that reasonable jurymen must

16  necessarily have . . . a doubt, the judge must require acquittal.' *Curley v. United States*, 81 U.S.

17  App. D.C. 389, 160 F.2d 229 (1947), cert. denied 331 U.S. 837, 91 L. Ed. 1850, 67 S. Ct. 1511

18  (1947). The trial judge must determine whether there is sufficient evidence before the court, from

19  which reasonable jurors might properly conclude guilt beyond a reasonable doubt." *United States*

20  *v. Shafer*, 384 F. Supp. 496, 497-498 (D. Ohio 1974).

21      Beginning with the language of the indictment, Count 4 requires that the prosecution

22  prove that Officer Yick knowingly falsified a document, and that he made a false entry in a

23  document.  At the close of trial, the prosecution produced no evidence whatsoever to satisfy

24  either of these elements.  Officer Yick's argument as to the insufficiency of the prosecution's

25  presentation does not go solely to the traditional notion of insufficiency, that is, that the evidence

26  presented does not amount to the requisite standard of proof, although that argument is made

27

28

1   here. Officer Yick's argument goes further. The prosecution failed to present evidence to
2   establish an element of the crime charged.

3       Generally, Federal Rule of Evidence ("FRE") 901(a) states, "In General. To satisfy the
4   requirement of authenticating or identifying an item of evidence, the proponent must produce
5   evidence sufficient to support a finding that the item is what the proponent claims it is
6   "Applying this rule, in *U.S. v. Estrada*, 441 F.2d 873, 877 (9th Cir. 1971), the Court found error
7   in admitting signatures when the Government had failed to offer direct or circumstantial evidence
8   to authenticate the signatures. Specifically, the Court stated, 'To lay foundation, the Government
9   had to introduce evidence sufficient to sustain a finding that each of the money orders was signed
10   by the person against whom the documents were sought to be admitted.' *Id*. *United States v.*
11   *Everett*, 2008 U.S. Dist. LEXIS 33230, 3 (D. Ariz. Apr. 14, 2008). These facts apply to the case
12   at bar. There has been no evidence regarding the authenticity of the signatures of either of the
13   two before the court.

14       Going further, FRE 901(b) sets forth a non-exhaustive list of examples of what satisfies
15   the requirements of FRE 901(a). "(2) Nonexpert Opinion About Handwriting. A nonexpert's
16   opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the
17   current litigation." In the case before this court, there was neither an expert witness declared nor
18   one presented that performed a comparison of Officer Yick's signature, and no witness was
19   called who had the requisite familiarity with Officer Yick's signature.

20       The 9th Circuit has spoken on this issue. In addressing another case involving aiding and
21   abetting, and applying the standards of Rule 29, the court set forth a 2-step analysis, the second
22   one of which requires: "Second, we determine whether the evidence, so viewed, is sufficient "to
23   allow any rational trier of fact [to find] the essential elements of the crime beyond a reasonable
24   doubt." Id. (alteration in original) (internal quotation marks omitted). *United States v. Goldtooth*,
25   754 F.3d 763, 768 (9th Cir. Ariz. 2014)." With a missing element, it is impossible to prove the
26   crime beyond reasonable doubt.

27

28

1     Although it is not necessarily customary for one defendant's motion to seek relief for a
2 co-defedant, Officer Yick nevertheless suggests that should the court grant his request, it should
3 grant it as to Officer Razzak. "[I]t is 'manifestly unjust' to reverse the conviction of one
4 co-defendant but to uphold the conviction of another co-defendant when the same error affected
5 both defendants."). Nor does our doing so prejudice the government. See *United States v. Brooks*,
6 610 F.3d 1186, 1202 (9th Cir. 2010)." *United States v. Goldtooth*, 754 F.3d 763, 767 (9th Cir.
7 Ariz. 2014)

8     Based on the above, Officer Yick respectfully requests that a judgment of acquittal be
9 granted.

11 Dated:  January 14, 2015

13                                    PETER A. FURST
                                    Attorney for Richard Yick

17 Z:\Clients (Active)\Yick, Richard (POA - Federal)\Legal\MTN 2015 Jan 13 Rule 29.wpd