*United States v. Arshad Razzak and Richard Yick*

**Jury Instructions**

**1**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**2**

You have heard reference to an indictment in this case.  The indictment is not evidence. The defendants have pleaded not guilty to the charges.  A defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, a defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**3**

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that defendant Arshad Razzak did not testify.

**4**

Defendant Richard Yick has testified.  You should treat this testimony just as you would the testimony of any other witness.

**5**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**6**

The evidence you are to consider in deciding what the facts are consists of:

  (1)  the sworn testimony of any witness;

  (2)  the exhibits received in evidence; and

  (3)  any facts to which the parties have agreed.

**7**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**8**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**9**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**10**

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

**11**

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

**12**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**13**

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of Jessica Richmond, which was taken on December 11, 2014 and January 6, 2015, has been presented to you.  You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you.

**14**

You have heard testimony from Arthur Madrid, a witness who received immunity.  That testimony was given in exchange for a promise by the government that the testimony will not be used in any case against him.

For this reason, in evaluating the testimony of Arthur Madrid, you should consider the extent to which or whether his testimony may have been influenced by this factor.  In addition, you should examine the testimony of Arthur Madrid with greater caution than that of other witnesses.

**15**

You have heard testimony from Jessica Richmond, a witness who received benefits from the government in connection with this case.

For this reason, in evaluating the testimony of Jessica Richmond, you should consider the extent to which or whether her testimony may have been influenced by this factor.  In addition, you should examine the testimony of Jessica Richmond with greater caution than that of other witnesses.

**16**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**17**

The punishment provided by law for the crimes charged is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

**18**

This case involves two rights guaranteed by the Constitution of the United States:  (1) the right to be free from unreasonable searches and (2) the right not to be deprived of liberty without due process of law.

**19**

First, a person has the right to be free from an unreasonable search of her residence.  One type of search under the Fourth Amendment of the United States Constitution is entry into a residence.  A search of a person's residence is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant, a written order signed by a judge that permits a law enforcement officer to search a particular residence.

There are exceptions to the warrant requirement.  One is that a search warrant is not required and a search is reasonable if the person in lawful possession of the residence knowingly and voluntarily consents to the search before it occurs.  In considering whether a consent is voluntary, consider all of the circumstances applicable in this case.

Another exception to the warrant requirement is exigent circumstances.  A search warrant is not required and a search is reasonable if: (1) all of the circumstances known to the officers at the time would cause a reasonable police officer to believe that the entry or the search was necessary to prevent physical harm to the officers or immediate destruction of evidence, and (2) there was insufficient time to get a search warrant.  A mere suspicion that evidence will be destroyed does not amount to exigent circumstances.  There must be specific facts that evidence will likely be destroyed or removed without entry.

**20**

Second, under the Fifth and Fourteenth Amendments of the United States Constitution, a person has the right not to be deprived of liberty without due process of law.  It is a violation of due process for someone acting under color of law to give or create false evidence against an individual in a criminal proceeding.

21

Defendants Razzak and Yick are charged in Count One of the indictment with conspiracy against civil rights.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

> *First*, that the defendant agreed with one or more persons to injure, oppress, threaten or
> intimidate one or more victims, in this instance the occupants of Room 504 of the Henry
> Hotel on December 23, 2010;
> *Second*, that the defendant intended by the agreement to hinder, prevent or
> interfere with a person's enjoyment of a right secured by the Constitution or laws
> of the United States;
> *Third*, that one or more of the intended victims was physically present in the State of
> California at the time of the deprivation; and
> *Fourth*, that the defendant acted under color of State law, which means that the
> defendant was acting in the official capacity as a police officer at the time of the
> deprivation.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The second element of the conspiracy offense charged in this case is that the defendants intended by the conspiracy to interfere with an individual's rights that were secured or protected by the Constitution or laws of the United States.  Count One charges that each of the defendants conspired to interfere with other individual's enjoyment of two specific rights

protected by the United States Constitution:  (1) the right to be free from unreasonable searches and seizures and (2) the right not to be deprived of liberty without due process of law.  Thus, in this case, if you find that the conspiracy was directed against either the right to be free from an unreasonable search or seizure or the right not to have false evidence knowingly presented by someone acting under color of law, then you may find that the conspirators agreed to interfere with the rights secured by the Constitution of the United States.  To find a defendant guilty of the conspiracy charge, you must be unanimous as to at least one of these objectives, with all of you agreeing as to the same objective.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

22

Defendants Razzak and Yick are charged in Count Two of the indictment with deprivation of rights under color of law on December 23, 2010.

In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First,* the defendant was acting under color of law;

*Second,* the defendant deprived Jessica Richmond of her right to be free from unreasonable searches and seizures by someone acting under color of law;

*Third,* the defendant intended to deprive the victim of this right. The government is not required to prove that the defendant knew this right was secured by the Constitution of the United States; and

*Fourth,* Jessica Richmond was present in California on December 23, 2010.

A person acts under "color of law" when he acts in his official capacity or purports or claims to act in his official capacity.  Action under color of law includes the abuse or misuse of the power possessed by the defendant by virtue of his official position.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge, then you should find the defendant guilty of that charge.  If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

23

A defendant may be found guilty of Count Two, deprivation of rights under color of law, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

> *First*, deprivation of rights under color of law was committed by someone;
>
> *Second*, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the deprivation of rights under color of law;
>
> *Third*, the defendant acted with the intent to facilitate the deprivation of rights under color of law; and
>
> *Fourth*, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the deprivation of rights under color of law.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

24

Defendants Razzak and Yick are charged in Count Four of the indictment with falsification of records, specifically an informant payment receipt form, which is Exhibit 11 in this case.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant concealed, covered up, falsified or made false entry in a record or document;

*Second,* the defendant did so knowingly; and

*Third,* the defendant did so intending to impede, obstruct or influence an investigation or proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, which is an agency of the United States government, or in relation to or in contemplation of any such matter or case.

If all of these essential elements have been proved beyond a reasonable doubt as to a defendant then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.  The United States does not have to prove that the matter be pending at the time of the obstruction, but only that the acts be taken in relation to or in contemplation of any such matter or case. Further, the United States does not have to prove that the falsifying of the document would naturally or probably result in obstruction.  In order to meet its burden, the United States need not prove that the defendant specifically knew that the matter was within the jurisdiction of a department or agency.

25

A defendant may be found guilty of Count Four, falsification of records, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

>    *First*, falsification of records was committed by someone;
>
>    *Second*, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the falsification of records;
>
>    *Third*, the defendant acted with the intent to facilitate the falsification of records; and
>
>    *Fourth*, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the falsification of records.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

26

Defendant Razzak is charged in Count Five of the indictment with falsification of records, specifically incident report #101179566, dated December 24, 2010, which is Exhibit 9 in this case.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant concealed, covered up, falsified or made false entry in a record or document;

*Second,* the defendant did so knowingly; and

*Third,* the defendant did so intending to impede, obstruct or influence an investigation or proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, which is an agency of the United States government, or in relation to or in contemplation of any such matter or case.

If all of these essential elements have been proved beyond a reasonable doubt as to a defendant then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.  The United States does not have to prove that the matter be pending at the time of the obstruction, but only that the acts be taken in relation to or in contemplation of any such matter or case. Further, the United States does not have to prove that the falsifying of the document would naturally or probably result in obstruction.  In order to meet its burden, the United States need not prove that the defendant specifically knew that the matter was within the jurisdiction of a department or agency.

**27**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**28**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**29**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**30**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**31**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

**32**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.  That prohibition on revealing how the jury stands, numerically or otherwise, applies to any note from the jury to the court.